NICOLÁS HERNÁNDEZ & CO., PLAINTIFFS AND APPELLEES, v. STANDARD MILLING COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action of Debt.

No. 2446.—Decided March 30, 1922.

PRINCIPAL AND AGENT — ESTOPPEL — COMMISSION MERCHANT. — In this case the defendant corporation, the Standard Milling Company, had designated the plaintiffs as its agents and shipped its goods to them under the name of the Houston Rice Company. On appeal from a judgment against the defendant for commissions on sales of rice of the Houston Rice Company it was *held:* That as the evidence showed that by its act the defendant induced the plaintiffs to believe that they were doing business with the defendant and not with the Houston Rice Company, the defendant is estopped from denying its liability and is, therefore, under obligation to pay the commissions.

The facts are stated in the opinion.

*Messrs. L. Muñoz Morales* and *L. Villaronga* for the appellant.

*Mr. J. G. Torres* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

In Texas on the 18th of September, 1914, a corporation was organized as the Houston Rice Company. Prior to this time, however, the Standard Milling Company of Texas, the defendant in this case, had employed the complainant firm as a commission agent and had shipped it goods under the name of the Houston Rice Company. In other words, prior to September 18, 1914, the Standard Milling Company was trading in Porto Rico under the name of the Houston Rice Company. There is abundant proof of this fact; also that the remittances of the complainant were to the Standard Milling Company and that the agents or officers of the Standard Milling Company with whom the complainant originally treated continued to be the agents and officers with whom the complainant dealt at the time of the transaction covered by this suit. It is not quite so important, but the proof shows that the accounts of the Houston Rice Company were

largely, if not altogether, kept on the books of the Standard Milling Company, and that letters were written to the complainant on the letter heads of the Standard Milling Company in regard to affairs of the alleged Houston Rice Company and other similar small details, but they were all matters that tended to confirm the original understanding of the complainant firm that it was dealing with the Standard Milling Company. The managing partner of the complainant testified that he never had any knowledge or notice of the existence of a corporation Houston Rice Company until the filing of the answer of the defendant, and there is every reason to believe him. There is one very important piece of evidence, namely, a letter written on April 10, 1915, apparently by the Standard Milling Company, making an arrangement with the complainant firm, the managing partner being then in the office of the defendant in Texas. The said managing partner testified that he was frequently in the offices of the Standard Milling Company and in effect that his dealings were with the same officers with whom he had always dealt. The officers of the two companies were practically identical. There were other matters written or done in the name of the Standard Milling Company after the date of incorporation. Likewise, there is evidence tending to show that while the Houston Rice Company has the same offices as the Standard Milling Company, there are no outward signs to indicate the same.

The theory of the complainant, corroborated completely, is that the Standard Milling Company found it convenient to sell its rice under various firm names (*razones*) and this was a thing understood by its agents, and that hence the complainant firm addressed or continued to address its communication to the Houston Rice Company. There is proof tending to show that the mills of the two companies are located in the same places, if they are not identical. There

is proof that the rice handled by the two companies is the same.

The court below found that the two corporations were identical and it probably is right. See *Alonso Riera & Company* v. *Campillo, post,* p. 276; 7 R. C. L. 27. But we place our affirmance on slightly different grounds. There is a corporation Houston' Rice Company, but the complainant is not shown to have had any dealings with it. The complaint set up that the defendant did business as the Houston Rice Company and we find this to be the fact. All the dealings of the complainant firm were with the officers and agents of the Standard Milling Company and there is no evidence that the complainant was ever advised or put on notice of the existence of the corporation Houston Rice Company. Furthermore, by the conduct of its officers and agents the Standard Milling Company is estopped to deny that it continued to deal with the complainant firm. This firm was led to believe that it was dealing with the Standard Milling Company and it might very well have refused to deal with the Houston Rice Company, Inc., a smaller and possibly a less responsible concern.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.